of stock, the statement of claim in which does not allege execution of the contract by delivery of the stock, an affidavit of defense which avers that the parties entered into a verbal agreement for the purchase of the stock by which defendant was to pay a certain amount in cash and notes and also to convey to plaintiff certain real estate and that such agreement fixed no value for the real estate and no purchase price for the stock, and sets up the Statute of Frauds as a defense, interposes a complete defense to the action.

3. FRAUDS, STATUTE OF—*what does not constitute execution of contract for sale of stock taking case out of.* A tender of stock, as to the sale of which the parties had contracted orally, after the purchaser had instituted proceedings against the seller to recover back so much of the purchase price as he had paid, does not constitute such an execution of the contract by the seller as will take the contract from within the Statute of Frauds.

# Abraham M. Liebling, Appellee, v. Charles Renfer and Anna M. Renfer, Appellants.

## Gen. No. 23,753.   (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Affirmed. Opinion filed May 15, 1918.

## Statement of the Case.

Action by Abraham M. Liebling, plaintiff, against Charles Renfer and Anna M. Renfer, defendants, to recover back earnest money paid by him to defendants under a contract for the purchase of real estate. From a judgment for plaintiff for $750, defendants appeal.

NELS J. HOLTER, for appellants.

JACOB BRISGALL, for appellee.

MR. JUSTICE THOMSON delivered the opinion of the court.

## Abstract of the Decision.

1.  VENDOR AND PURCHASER—*what defense not available to vendor in action to recover earnest money.* Even though a contract for the purchase of real estate which requires the vendor to furnish a merchantable abstract or guarantee policy in a reasonable time contains a further provision declaring time to be of the essence of the contract, the vendor cannot set up the latter provision as a defense to an action by the purchaser to recover earnest money paid under the contract, where it appears that 6 weeks elapsed before any attempt was made by him to submit anything to the purchaser as evidence of the condition of the title and the latter tenders a certified check for the full amount 2 weeks after the submission of such evidence.

2.  VENDOR AND PURCHASER, § 336*—*who has burden of showing waiver of requirement as to abstract or title guarantee policy.* In an action to recover back earnest money paid under a contract for the purchase of real estate, where defendant sets up as a defense that plaintiff had waived a provision of the contract requiring defendant to furnish a merchantable abstract of title or a title guarantee policy within a reasonable time, the burden of showing such waiver is on defendant.

3.  VENDOR AND PURCHASER, § 336*—*when waiver of requirement as to abstract or guarantee policy not shown.* Waiver of a condition in a contract for the purchase of property by which the vendor is required to furnish a merchantable abstract of title or a guarantee policy within a reasonable time is not shown by evidence that no attempt was made to furnish the purchaser any evidence of the condition of the title until some 6 weeks after the contract was signed when an opinion of title by a title and trust company was tendered the purchaser, whereupon he stated that he could not "come across," but 2 weeks thereafter tendered the seller a certified check for the full amount of the purchase price.

4.  VENDOR AND PURCHASER, § 73*—*when purchaser not in default in paying first instalment.* Where the conditions of a contract for the purchase of property require the vendor to furnish the purchaser a merchantable abstract of title or title guarantee policy and that the purchaser shall pay the first instalment of the price in 5 days after the title has been examined, found good and accepted by him, he cannot be placed in default until the vendor has complied with the condition as to furnishing the abstract or policy.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.